NO. 07-07-0130-CR
NO. 07-07-0131-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 29, 2008
_____

PAUL CLATT,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY;

NOS. F-2006-1630-A, F-2006-1631-A; HON. CARMEN

RIVERA-WORLEY, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Paul Clatt appeals his two convictions for possessing, with intent to deliver, controlled substances, namely, cocaine and methamphetamine. Three issues are before us. The first two relate to the trial court's order overruling his motions to suppress evidence. The third involves the claim of ineffective assistance of counsel. We affirm the judgments.

*Issues One and Two*

As previously mentioned, appellant moved to suppress the admission into evidence of his statements and of the contraband found after his initial stop and later arrest. The trial court denied the motions. According to appellant, that decision was wrong. We overrule the issues.

The standard of review is well settled, and we cite the parties to *Ford v. State,* 158 S.W.3d 488 (Tex. Crim. App. 2005) and *State v. Ross,* 32 S.W.3d 853 (Tex. Crim. App. 2000) for its description. Furthermore, the trial court had before it evidence of 1) appellant's driving a vehicle at night with a non-functioning rear license plate light, 2) appellant's nervousness, 3) appellant's hesitancy to inform the detaining officer of the locale from which he and his passengers had departed, the person they supposedly had visited for several days in Dallas, and the nature of his criminal record, 4) a passenger's inability to recall the name of the person with whom they supposedly stayed, 5) a passenger's statement that they had been in Dallas for only hours as opposed to days, 6) appellant's attempts to distract the officer as the latter attempted to speak with the passengers, 7) appellant's presence on I-35, which the officer knew to be a drug corridor, 8) appellant's residence being in Iowa, 9) appellant's statement that he had a knife in his pocket, 10) appellant's failure to completely empty his pockets after disclosing the presence of the knife and being asked to do so by the trooper, 11) the discovery, during a pat down, of an item remaining in appellant's pocket and its likeness to contraband, 12) appellant's refusal to put his hands behind his back after the officer discovered the item remaining in appellant's pocket, 13) appellant's resistance and effort to grab the trooper's flashlight after the trooper attempted to "grab" appellant's arm, 14) appellant's flight from

2

the scene, and 15) the absence of any other officers to assist or protect the trooper until after appellant took flight. These circumstances provide basis upon which the trial court could have reasonably concluded that the trooper not only had probable cause to stop appellant but also reasonable suspicion of a crime being afoot to continue the detention for the few short minutes that lapsed and to justify a pat down for officer safety.

Indeed, we have held that as part of a traffic stop, an officer may require the detainee to identify himself, produce a valid driver's license and proof of insurance, detain the individual for a period of time reasonably sufficient to check for outstanding warrants, question the individual about his destination and the purpose of the trip, and request him to step out of the vehicle. *Strauss v. State,* 121 S.W.3d 486, 491 (Tex. App.–Amarillo 2003, pet. ref'd). And, though the trooper initially told appellant he would receive a warning for having a defective license plate light, there is no indication in the record that the officer had written the warning by the time he began encountering hesitancy and evasiveness on the part of appellant or discovering the conflicts within the stories being uttered.[1] And, once the officer felt the item in appellant's pocket and, based on his experience with how some package drugs, he was not obligated to ignore it. *Wilson v. State,* 132 S.W.3d 695, 700 (Tex. App.–Amarillo 2004, pet. ref'd).

*Issue Three*

Appellant next argues that he was afforded ineffective assistance of counsel since the latter purportedly waived all complaints regarding the trial court's denial of the motions

---

[1] We find this sufficiently distinguishes the circumstances before us from those in *McQuarters v. State,* 58 S.W.3d 250, 256 (Tex. App.–Fort Worth 2001, pet. ref'd) (wherein the officer continued to detain the suspect after issuing the two warning tickets).

to suppress. This purported waiver occurred when counsel stated that he had no objection to the admission of the evidence in question at trial. Having held that the trial court did not err in denying the motions, the claim of ineffective assistance is moot. Simply put, if the trial court acted correctly, it matters not whether the complaint was preserved. Thus, we overrule the issue.

Accordingly, the judgments are affirmed.


Brian Quinn
Chief Justice



Do not publish.